IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT A. KENNEDY, | : | No. 05cv46 |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Smyser) |
| CHARLES ERICKSON, Warden, | : | |
| and PA STATE ATTORNEY | : | |
| GENERAL | : | |
| Respondents. | : | |

**MEMORANDUM AND ORDER**

**November 1, 2005**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 7, 2005, Petitioner Robert A. Kennedy ("Petitioner" or "Kennedy") filed, *pro se*, a Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2254 in which he seeks a reversal of his convictions, asserting that his guilty plea to state charges of aggravated assault, burglary and conspiracy to commit robbery was involuntary due to the ineffective assistance of his counsel. (Rec. Doc. 2).

This case was referred to Magistrate Judge J. Andrew Smyser for preliminary review. On September 28, 2005, Magistrate Judge Smyser issued a Report and Recommendation (doc. 33) within which he concluded that the

Respondents, Charles Erickson, Warden and Pennsylvania State Attorney General (collectively "Respondents") conceded to the Petitioner's claim of ineffective assistance of counsel with respect to the entering of his guilty plea. Magistrate Judge Smyser construed the Respondents' statement as an admission that the Petitioner's guilty plea was entered in a manner that violated his federally protected rights. Therefore, Magistrate Judge Smyser recommended that the Petition be conditionally granted and that the case be remanded to the Court of Common Pleas of Luzerne County, Pennsylvania so that a new trial may be scheduled. Magistrate Judge Smyser further recommended that the Petitioner be released unless the Commonwealth retries him within ninety (90) days of the entry of this Order.

Objections to the Magistrate Judge's Report were due on October 13, 2005 and to date none have been filed. This matter is now ripe for disposition.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

On June 23, 1998, a Juvenile Petition was filed in the Court of Common Pleas of Luzerne County charging the Petitioner and four other youths with robbery, criminal conspiracy to commit robbery, burglary, criminal trespass, theft by unlawful taking, receiving stolen property, criminal mischief, aggravated assault, simple assault, harassment and stalking. (Rec. Doc. 27 at 3). A juvenile

hearing was held on July 1, 1998, during which Petitioner was represented by Attorney Nanda Palissery.  At the hearing, Petitioner was arraigned and pled not guilty.  As a result of the hearing, Petitioner was certified as an adult and case was transferred to criminal court.

On October 12, 1998, Petitioner, age sixteen, and his parents, met with Attorney Palissery to discuss the current status of any plea negotiations.  At this meeting Attorney Palissery informed Petitioner and his parents of the plea agreement which he had negotiated with the prosecutor.   Attorney Palissery informed Petitioner and his parents that pursuant to the negotiated plea agreement, Petitioner was to plead guilty to criminal conspiracy to commit robbery based on accomplice liability with a possible sentence of 3 ½ years to 7 years of incarceration.  However, contrary to this representation, the actual plea agreement involved Petitioner pleading guilty to aggravated assault, burglary and conspiracy to commit robbery, with a possible sentence of up to sixty years of incarceration. (Rec. Doc. 2).

Petitioner pled guilty on October 13, 1998.  Sentencing was held on November 19, 1998.  Petitioner was sentenced to imprisonment of 54 months to 10 years on the charges of aggravated assault and conspiracy and 30 months to 10 years on the burglary charge, and the sentences were to run consecutively.

Petitioner's post-sentence motion to withdraw his guilty plea was denied on December 15, 1998 and his sentence was affirmed by the Pennsylvania Superior Court. Petitioner was unsuccessful on various subsequent appeals of his sentence in the Pennsylvania state courts. (Rec. Doc. 2).

Petitioner then filed the instant Petition on January 7, 2005. (Rec. Doc. 1). After requesting and receiving an extension of time, the Respondents filed a response to the Petition on March 17, 2005. (Rec. Doc. 16). Petitioner filed a reply on March 30, 2005. (Rec. Doc. 19).

By Order (doc. 21) dated April 19, 2005, Magistrate Judge Smyser appointed the Federal Public Defender to represent the Petitioner in this case. On June 24, 2005, the Petitioner, through the Federal Public Defender, filed a brief in support of his Petition. (Rec. Doc. 27). On August 29, 2005, the Respondents filed a response to the Petition. (Rec. Doc. 32).

**STANDARD OF REVIEW**:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149-50 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir.

1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

**DISCUSSION:**

Our review of this case confirms Magistrate Judge Smyser's determinations and well-reasoned analysis, and while we have not been presented with any reason to revisit them, we do reiterate the salient aspects of the Magistrate Judge's report.

First, Respondents, in their response dated August 29, 2005 (doc. 32), waived any procedural default by Petitioner and requested that Magistrate Judge Smyser consider the merits of the Petitioner's claims.

Second, Respondents, in their response dated August 29, 2005 (doc. 32), ask this Court to find that the Petitioner received ineffective assistance of counsel at the time of his guilty plea. Respondents further request that the case be remanded to the Court of Common Pleas of Luzerne County for a new trial.

Under the rather unusual circumstances before us, where the Respondents concede the legal point at issue, review of this case obviously confirms Magistrate Judge Smyser's determinations. Because we find no error in Magistrate Judge Smsyer's Report and Recommendation and because no objections have been filed, we will adopt it as our own for the reasons cited herein.

**NOW, THEREFORE, IT IS ORDERED THAT:**

1. Magistrate Judge Smyser's Report and Recommendation (doc. 33) is GRANTED in its entirety.

2. The Petition for Write of Habeas Corpus (doc. 1) is GRANTED.

3. The underlying criminal matter is remanded to the Court of Common Pleas of Luzerne County, and we direct that the Commonwealth of Pennsylvania shall RETRY the Petitioner within ninety (90) days of the entering of this Order.

4. Petitioner shall be RELEASED from custody if the Commonwealth of Pennsylvania does not retry Petitioner within ninety (90) days of the entering of this Order.

5. The Clerk is directed to close this file.

                                              s/ John E. Jones III
                                              John E. Jones III
                                              United States District Judge